**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**BRANDON GONZALES,**

     *Plaintiff,*                          **Case No.:** _____

**-against-**

**HUNT COUNTY SHERIFFS DEPARTMENT;**
**RANDY MEEKS;**
**TEXAS DEPARTMENT OF PUBLIC**
**SAFETY; DAVID ARMSTRONG; JANE**
**DOE**

     *Defendants.*

_____/

**PLAINTIFF'S ORIGINAL COMPLAINT**

<u>COMPLAINT</u>

**1.** Attorneys Andrew W. Wilkerson and Michael Campbell Jr., the Law Firm of
    Wilkerson and Campbell, PLLC, 2201 Main Street, Suite 206, Dallas TX, 75201,
    469-534-9806, Attorneys for Plaintiff.

**<u>INDEX OF COUNTS</u>**

**COUNT I- FIRST CAUSE OF ACTION AGAINT HUNT COUNTY SHERIFFS
DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC
SAFETY: <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>**

**COUNT II- SECOND CAUSE OF ACTION AGAINST DAVID ARMSTRONG:
<u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>**

**COUNT III- THIRD CAUSE OF ACTION AGAINST HUNT COUNTY
SHERIFF'S DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF
PUBLIC SAFETY: <u>FALSE ARREST UNDER TEXAS COMMON LAW</u>**

**COUNT IV- FOURTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG:
<u>FALSE ARREST UNDER TEXAS COMMON LAW</u>**

**COUNT V- FIFTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT, RANDY MEEKS, AND TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983</u>**

**COUNT VI- SIXTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983</u>**

**COUNT VII- SEVENTH CAUSE OF ACTION AGAINST JANE DOE: <u>FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983</u>**

**COUNT VIII- EIGHTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT, RANDY MEEKS, AND TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>FALSE IMPRISONMENT UNDER TEXAS COMMON LAW</u>**

**COUNT IX- NINTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>FALSE IMPRISONMENT UNDER TEXAS COMMON LAW</u>**

**COUNT X- TENTH CAUSE OF ACTION AGAINST JANE DOE: <u>FALSE IMPRISONMENT UNDER TEXAS COMMON LAW</u>**

**COUNT XI- ELEVENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>**

**COUNT XII- TWELTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>**

**COUNT XIII- THIRTEENTH CAUSE OF ACTION AGAINST JANE DOE: <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>**

**COUNT XIV- FOURTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW</u>**

**COUNT XV- FIFTEENTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW</u>**

**COUNT XVI- SIXTEENTH CAUSE OF ACTION AGAINST JANE DOE: <u>MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW</u>**

**COUNT XVII- SEVENTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>**

**COUNT XVIII- EIGHTEENTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>**

**COUNT XIX- NINTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>ABUSE OF PROCESS UNDER TEXAS COMMON LAW</u>**

**COUNT XX- TWENTIETH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>ABUSE OF PROCESS UNDER TEXAS COMMON LAW</u>**

**COUNT XXI- TWENTY-FIRST CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW</u>**

**COUNT XXII- TWENTY-SECOND CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW</u>**

**COUNT XXIII- <u>TWENTY-THIRD CAUSE OF ACTION AGAINST JANE DOE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW</u>**

<u>JURISDICTION</u>

2.  This action is brought to redress violations of plaintiff's rights as secured by 42 U.S.C.A. §§ 1983 and 1985 in the nature of violations of Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the state common- law claims for false arrest, false imprisonment, malicious prosecution, abuse of process and intentional infliction of emotional distress. The United States District Court Northern District of Texas has jurisdiction over this cause of action pursuant to 28 U.S.C.A. § 1331. United States District Court Northern District of Texas has supplemental jurisdiction over the pendant state claims pursuant to 28 U.S.C.A. § 1367.

<u>VENUE</u>

3.  United States District Court Northern District of Texas is the proper venue for this cause of action by reason of the activities of the defendants complained of in this Complaint having occurred within the geographical confines of this court's jurisdiction.

PARTIES

1. The Plaintiff, Brandon Gonzales, an adult Hispanic male, resides at 5006 Nevada Drive, Greenville, TX 75402.

2. Defendant Hunt County Sheriff's Department operates a police department, and is a municipality within Texas with offices located at 2801 Stuart Street, Greenville, TX 75401.

3. Defendant Randy Meeks, an adult white male police officer employed by the Hunt County Sheriff' Department, with offices at 2801 Stuart Street, Greenville, TX 75401.

4. Defendant Texas Department of Public Safety operates a law enforcement agency, and is a municipality within Texas with offices located at 5805 North Lamar Boulevard, P.O. Box4087, Austin TX, 78773.

5. Defendant David Armstrong an adult black male police officer employed by the Texas Department of Public Safety with offices at 5805 North Lamar Boulevard, P.O. Box4087, Austin TX, 78773.

6. Defendant, Jane Doe, an unidentified person to be named upon Discovery findings, with an unknown address to be listed upon Discovery findings.

STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

4. On October 26th, 2019, Brandon Gonzales along with a group of friends went to Texas A&M Commerce 2019 Homecoming after party at the Party Venue located in Greenville, Texas.

5. Brandon Gonzales, along with friends, paid and went inside The Party Venue around 11:00pm.

6. Plaintiff Brandon Gonzales described the venue as being packed to capacity, dark, and tremendously hot.

7. At one point shortly after entering the venue, it became too hot and unbearable for Brandon that he decided to walk out of the party and proceeded back to the car.

8. Brandon walked back to his friend's car, whom he rode with, which was parked on the side of the road.

9. Once back in the car, Brandon did a FaceTime call with a friend of his who lives in Paris, TX.

10. All of a sudden, while Brandon was sitting in the car, he saw everyone scatter and

run out of the venue frantically.

11. Although this was unknown to Brandon at that moment, a mass shooting had just occurred inside of the party where two people died and fourteen received nonfatal bullet wounds.

12. Brandon waited on his friends that he traveled with, and then they immediately left the venue.

13. As time went on, the citizens of Hunt County made their concerns with the Sheriff's Department not making any arrest known.

14. Brandon was subsequently arrested the following Monday, October 28, 2019, as he arrived to work, and was falsely accused of being the shooter.

15. When David Armstrong of the Texas Rangers arrested Brandon Gonzales he informed him that he didn't believe him and he would make sure that Brandon gets the needle.

16. Brandon Gonzales was falsely charged with Capital Murder of Multiple Persons and was given a one million dollar bond.

17. When Brandon was arrested several individuals showed up to the jail to inform Hunt County Sheriff's department that they had arrested the wrong person, and that Brandon was innocent.

18. On October 29, 2019, Andrew W. Wilkerson and Michael Campbell Jr. signed on to Brandon's case.  Both attorneys requested and insisted that the prosecutor turn over pre-indictment discovery.

19. The only document that the prosecutor turned over to Attorneys Andrew W. Wilkerson and Michael Campbell Jr. was the Affidavit for Arrest Warrant.

20. The Affidavit for Arrest Warrant stated that on October 28, 2020, a source of information, referred to as SOI voluntarily contacted the Hunt County Sheriff's Office with eyewitness information related to the murders of the two deceased victims. The Affidavit for Arrest Warrant stated that the SOI's identity would not be revealed for the security threat-to-life toward the individual and for the integrity of an ongoing investigation.  It also states that the SOI is a credible witness as it related to information corroborated during the investigation. The Affidavit goes on to say that the SOI and his/her attorney met with Ranger Sherman of the Texas Rangers in person for a voluntary witness statement.  Amongst other things, the affidavit stated that the SOI showed Ranger Sherman pictures and even drew a diagram of the party venue and chain of events that took place inside the party.

21. On October 30, 2019, Sgt. Jeff Haines of the Hunt County Sheriff's Office said officials were "100 percent, without a doubt, sure that Brandon Gonzales was the shooter", in an interview with WFAA news station.

22. Brandon also maintained that he was innocent the entire time when interviewed by investigators.
.
23. In response to these claims that Brandon was innocent, the Hunt County Sheriff, Randy Meeks went to several media outlets and doubled-down on his assertion that they were sure that they arrested the right person.

24. Sheriff Randy Meeks falsely claimed to have an eye-witness (described as the SOI in number 14) who identified Brandon as the shooter, which means the lacked probable cause.

25. This SOI or eye-witness was never brought forward or revealed to Defense Attorneys Andrew W. Wilkerson and Michael Campbell Jr. Furthermore, the defense attorney never received any of the specific evidence mentioned in the Affidavit for Arrest Warrant; namely the voluntary statement, the pictures of Brandon Gonzales, or the diagram drawn by the SOI.

26. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation. Plaintiff, Brandon Gonzales, was in the Hunt County Jail for nine days before he was released on November 6, 2019.

27. The Texas Rangers and Hunt County Sheriff advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation.

28. Yet, at the time he was released Brandon had already suffered irreparable harm.

29. Not only did he lose his job upon arrest, but he also was not eligible for rehire due to the bad publicity.

30. Furthermore, Brandon became infamous around town as a mass murderer.

31. He would be followed around stores and people would point at him and call him a murderer.

32. The situation was so bad for Brandon after he was released, that he decided to move closer to his mother in Kissimmee, Florida.

33. However, when he landed in Florida he quickly realized this nightmare would follow him. At the airport in Florida, people followed him and questioned him

about being a mass shooter in Texas.

**34.** He has had a very difficult time finding employment and getting back to normal in Florida because of these false accusations as well, which caused him anxiety and depression.

**35.** Defendants, without probable cause or due process falsely arrested and falsely imprisoned Brandon Gonzales for a crime he didn't commit.

**36.** As a direct result of the arrest, Brandon Gonzales has suffered embarrassment, humiliation, and mental anguish, to great damage and loss.

**37.** Defendant, Randy Meeks, knowingly created the existence of a confidential informant in furtherance of the conspiracy to false arrest and imprisonment Brandon Gonzales.

**38.** Hunt County Sheriff's Department, Randy Meeks, David Armstrong, and Texas Department of Public Safety knew or should have known that the false arrest made and reported by them would be published in the Herald Banner newspaper.

**39.** As a result of Brandon Gonzales' false reports, the arrest was published in multiple news outlets all over the country from October 28 until nearing the end of 2019.

**40.** As a direct result of Brandon Gonzales' false arrest, and the publishing of the false arrest, Brandon Gonzales' family, friends, co-workers, and millions of people throughout the United States were made aware of his arrest for Capital Murder.

**41.** As a direct result of Brandon Gonzales' false arrest, and the publishing of the false arrest, Brandon Gonzales' family, friends, and co-workers were led to believe that he did in fact commit two Capital Murders.

**42.** As a direct result of Brandon Gonzales' false arrest, and the publishing of the false arrest, Brandon Gonzales' family, friends, and co-workers, Brandon Gonzales' reputation was severely damaged.

**43.** Among others, Brandon Gonzales himself, his family and his parents were confronted by members of the community who believed he committed two Capital Murders.

**44.** As a direct result of Brandon Gonzales' false arrest, and the publishing of the false arrest, his family and children has suffered unnecessary embarrassment, pain, anguish, and humiliation.

**45.** As a direct result of Brandon Gonzales' false arrest, and the publishing of the false arrest, his relationship with his children has been inordinately strained and damaged.

### SATISFACTION OF CONDITIONS PRECEDENT TO SUIT

**46.** On January 9, 2020, Plaintiff provided written notice to the Defendants pursuant to Texas Civil Practices and Remedies Code Title 5 Section 101.101.

**47.** More than six months have elapsed, and Defendants have failed or refused to satisfy Plaintiff's claims.

### COUNT I-
### FIRST CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY:
### FALSE ARREST UNDER 42 U.S.C. § 1983

**48.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**49.** On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

**50.** On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

**51.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

**52.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never received any reliable information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never gained probable cause to make the arrest.

**53.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

**54.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS,

and TEXAS DEPARTMENT OF PUBLIC SAFETY knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

55. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY transported him to the Hunt County jail.

56. As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

57. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT II-**
**SECOND CAUSE OF ACTION AGAINST DAVID ARMSTRONG:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

58. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

59. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

60. Defendant DAVID ARMSTRONG falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

61. Defendant DAVID ARMSTRONG never received any information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendant DAVID ARMSTRONG never gained probable cause to make the arrest.

62. Defendant DAVID ARMSTRONG falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

63. Defendant DAVID ARMSTRONG knew he did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

**64.** Defendant DAVID ARMSTRONG falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendant DAVID ARMSTRONG transported him to the Hunt County jail.

**65.** As a result of aforesaid conduct by Defendants DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendant; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

**66.** As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT III-**
**THIRD CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFF'S DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>FALSE ARREST UNDER TEXAS COMMON LAW</u>**

**67.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**68.** On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

**69.** On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

**70.** Defendants RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT AND TEXAS DEPARTMENT OF PUBLIC SAFETY, falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed Capital Murder.

**71.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never received any reliable information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never gained probable cause to make the arrest.

**72.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03

Capital Murder, since Plaintiff had committed no criminal violation of the law.

73.  As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

## COUNT IV-
## FOURTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG:
## FALSE ARREST UNDER TEXAS COMMON LAW

74.  Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

75.  On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

76.  Defendant DAVID ARMSTRONG, falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed Capital Murder.

77. Defendant DAVID ARMSTRONG never received any reliable information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendant DAVID ARMSTRONG never gained probable cause to make the arrest.

78.  Defendant DAVID ARMSTRONG knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

79.  As a result of aforesaid conduct by Defendant DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendant; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

## COUNT V-
## FIFTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS
## DEPARTMENT, RANDY MEEKS, AND TEXAS DEPARTMENT OF PUBLIC
## SAFETY: FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

80. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

81. On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

82. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

83. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

84. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never received any information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never gained probable cause to make the arrest.

85. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

86. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

87. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY transported him to the Hunt County jail.

88. As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

89. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

## COUNT VI-
## SIXTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG:
## FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

**90.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**91.** On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

**92.** Defendant DAVID ARMSTRONG falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

**93.** Defendant DAVID ARMSTRONG never received any information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendant DAVID ARMSTRONG never gained probable cause to make the arrest.

**94.** Defendant DAVID ARMSTRONG falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

**95.** Defendant DAVID ARMSTRONG knew he did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

**96.** Defendant DAVID ARMSTRONG falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendant DAVID ARMSTRONG transported him to the Hunt County jail.

**97.** As a result of aforesaid conduct by Defendants DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendant; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

**98.** As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

## COUNT VII-
## SEVENTH CAUSE OF ACTION AGAINST JANE DOE: FALSE
## IMPRISONMENT UNDER 42 U.S.C. § 1983

**99.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**100.** Defendant Jane Doe intentionally gave law enforcement false information that instigated the arrest of Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

**101.** Defendant Jane Doe instigated the arrest of Plaintiff Brandon Gonzales by providing wholly false and inaccurate information and by directing the other Defendant's RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG to arrest Plaintiff, Brandon Gonzales for a crime he did not commit.

**102.** As a result, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG falsely placed Plaintiff under arrest without probable cause based on the information Defendant JANE DOE provided them.

**103.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

**104.** At the request of Jane Doe, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY transported him to the Hunt County jail, where he spent 9 days in jail.

**105**. But for the false statements provided to law enforcement by Jane Doe, Plaintiff Brandon Gonzales would not have been arrested for the crime he did not commit.

**106.** As a result of aforesaid conduct by Defendant Jane Doe, Plaintiff was subject to an illegal, improper and false arrest instigated by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

**107.** As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT VIII-**
**EIGHTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT, RANDY MEEKS, AND TEXAS DEPARTMENT OF PUBLIC SAFETY: FALSE IMPRISONMENT UNDER TEXAS COMMON LAW**

**108.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**109.** On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

**110.** On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

**111.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

**112.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never received any information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY never gained probable cause to make the arrest.

**113.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

**114.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

**115.** Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY transported him to the Hunt County jail.

**116.** As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S

DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

117. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

## COUNT IX-
## NINTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG:
## FALSE IMPRISONMENT UNDER TEXAS COMMON LAW

118. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

119. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

120. Defendant DAVID ARMSTRONG falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

121. Defendant DAVID ARMSTRONG never received any information from Jane Doe, also referred to as SOI in Paragraphs#4-45. Therefore, Defendant DAVID ARMSTRONG never gained probable cause to make the arrest.

122. Defendant DAVID ARMSTRONG falsely placed Plaintiff under arrest without probable cause that Plaintiff had committed a criminal offense.

123. Defendant DAVID ARMSTRONG knew he did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

124. Defendant DAVID ARMSTRONG falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendant DAVID ARMSTRONG transported him to the Hunt County jail.

125. As a result of aforesaid conduct by Defendants DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendant; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

126. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT X-**
**TENTH CAUSE OF ACTION AGAINST JANE DOE: <u>FALSE IMPRISONMENT</u>**
**<u>UNDER TEXAS COMMON LAW</u>**

127. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

128. Defendant Jane Doe intentionally gave law enforcement false information that instigated the arrest of  Plaintiff  of the crime of Texas Penal Code §§ 19.03 Capital Murder.

129. Defendant Jane Doe instigated the arrest of Plaintiff Brandon Gonzales by providing wholly false and inaccurate information and by directing the other Defendant's RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG to arrest Plaintiff, Brandon Gonzales for a crime he did not commit.

130. As a result, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG falsely placed Plaintiff under arrest without probable cause based on the information Defendant JANE DOE provided them.

131. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY and DAVID ARMSTRONG knew they did not have the authority of law to arrest Plaintiff for violating Texas Penal Code §§ 19.03 Capital Murder, since Plaintiff had committed no criminal violation of the law.

132. At the request of Jane Doe, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely charged Plaintiff with violating Texas Penal Code §§ 19.03 Capital Murder, and wrongfully seized Plaintiff without his consent, when Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY transported him to the Hunt County jail, where he spent 9 days in jail.

133. But for the false statements provided to law enforcement by Jane Doe, Plaintiff Brandon Gonzales would not have been arrested for the crime he did not commit.

134. As a result of aforesaid conduct by Defendant Jane Doe, Plaintiff was subject to an illegal, improper and false arrest instigated by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned,

without Plaintiff's consent and without any probable cause or authority of law.

135. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

## COUNT XI-
## ELEVENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

136. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

137. At all times herein, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

138. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

139. On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code §§ 19.03 Capital Murder.

140. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY lacked probable cause to arrest Plaintiff for the crime of Texas Penal Code §§ 19.03 Capital Murder.

141. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY initiated and procured that prosecution against Plaintiff.

142. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY acted with malice in initiating criminal proceedings against Plaintiff.

143. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

144. Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

145. As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

146. As a direct and proximate result of Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

147. As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

### COUNT XII-
### TWELTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

148. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

149. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

150. On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendant DAVID ARMSTRONG instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code §§ 19.03 Capital Murder.

151. On October 28, 2019, Defendant DAVID ARMSTRONG lacked probable cause to arrest Plaintiff for the crime of Texas Penal Code §§ 19.03 Capital Murder.

152. On October 28, 2019, Defendant DAVID ARMSTRONG initiated and procured that prosecution against Plaintiff.

153. On October 28, 2019, when Defendant David Armstrong arrested Brandon Gonzales he informed him that he didn't believe him and he would make sure that Brandon gets the needle.

154. On October 28, 2019, Defendant DAVID ARMSTRONG acted with malice in initiating criminal proceedings against Plaintiff.

155. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

156. Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

157. As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

158. As a direct and proximate result of Defendant DAVID ARMSTRONG malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

159. As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

## COUNT XIII-
### THIRTEENTH CAUSE OF ACTION AGAINST JANE DOE: <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

160. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

161. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

162. On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendant DAVID ARMSTRONG instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code §§ 19.03 Capital Murder.

163. On October 28, 2019, Defendant DAVID ARMSTRONG lacked probable cause to arrest Plaintiff for the crime of Texas Penal Code §§ 19.03 Capital Murder.

164. On October 28, 2019, Defendant DAVID ARMSTRONG initiated and procured that prosecution against Plaintiff.

165. On October 28, 2019, when Defendant David Armstrong arrested Brandon Gonzales he informed him that he didn't believe him and he would make sure that

Brandon gets the needle.

166. On October 28, 2019, Defendant DAVID ARMSTRONG acted with malice in initiating criminal proceedings against Plaintiff.

167. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

168. Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

169. As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

170. As a direct and proximate result of Defendant DAVID ARMSTRONG malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

171. As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

## COUNT XIV-
## FOURTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW</u>

172. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

173. At all times herein, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

174. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

175. On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code

§§ 19.03 Capital Murder.

176. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY lacked probable cause to arrest Plaintiff for the crime of Texas Penal Code §§ 19.03 Capital Murder.

177. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY initiated and procured that prosecution against Plaintiff.

178. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY acted with malice in initiating criminal proceedings against Plaintiff.

179. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

180. Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

181. As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

182. As a direct and proximate result of Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

183. As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

**COUNT XV-**
**FIFTEENTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG:**
**MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW**

184. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

185. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color

of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

186. On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendant DAVID ARMSTRONG instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code §§ 19.03 Capital Murder.

187. On October 28, 2019, Defendant DAVID ARMSTRONG lacked probable cause to arrest Plaintiff for the crime of Texas Penal Code §§ 19.03 Capital Murder.

188. On October 28, 2019, Defendant DAVID ARMSTRONG initiated and procured that prosecution against Plaintiff.

189. On October 28, 2019, when Defendant David Armstrong arrested Brandon Gonzales he informed him that he didn't believe him and he would make sure that Brandon gets the needle.

190. On October 28, 2019, Defendant DAVID ARMSTRONG acted with malice in initiating criminal proceedings against Plaintiff.

191. On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

192. Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

193. As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

194. As a direct and proximate result of Defendant DAVID ARMSTRONG malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

195. As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

## COUNT XVI-
## SIXTEENTH CAUSE OF ACTION AGAINST JANE DOE: <u>MALICIOUS PROSECUTION UNDER TEXAS COMMON LAW</u>

**196.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**197.** On October 28, 2019, criminal prosecution was commenced against Plaintiff after Defendant JANE DOE intentionally gave law enforcement false information that instituted criminal proceedings against Plaintiff, charging him with the crime of Texas Penal Code §§ 19.03 Capital Murder.

**198.** On October 28, 2019, Defendant JANE DOE acted with malice when she falsely gave false police reports and accounts what took place at the shooting. Jane Doe was the direct cause of law enforcement initiating criminal proceedings against Plaintiff.

**199.** On November 5, 2019, the case was dismissed after the Texas Rangers and Hunt County Sheriffs advised the Hunt County District Attorney to release Brandon and drop charges because exculpatory evidence was discovered during the investigation that showed Plaintiff was clearly innocent.

**200.** Plaintiff was innocent of the crime of Texas Penal Code §§ 19.03 Capital Murder.

**201.** As a result of the dismissal on November 5, 2019, the State of Texas dropped the charges, thereby terminating criminal proceedings in his favor.

**202.** As a direct and proximate result of Defendant Jane Doe malicious intention of the criminal proceedings, Plaintiff was arrested and taken to hunt County Jail where he remained illegally incarcerated for nine days until he was released, suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

**203.** As a result of the foregoing, Plaintiff's is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined.

## COUNT XVII-
## SEVENTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

**204.** Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

**205.** On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law

as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

206. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

207. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

208 Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY engaged in the process of providing a judge with an affidavit for arrest warrant in order to get the warrant or Plaintiff's arrest signed by the judge.

209. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY intentionally fabricated evidence by stating that Defendants received a voluntary statement from an eyewitness that was in possession of corroborating evidence.

210. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY were aware that their conduct was an improper and illegal means in attaining the warrant.

211. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY were aware that their conduct was not warranted or authorized by the legal process of attaining a warrant.

212. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY had an ulterior motive to satisfy the public's frustration and lack of patience with their department not finding and arresting the mass shooter in a expeditious manner.

213. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY showed no interest in the immense amount of evidence that was provided to them that Plaintiff was innocent shortly after his arrest.

214. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY even went as far to falsely and repeatedly state to multiple media outlets that they were certain that Plaintiff was guilty of the Capital Murder charge.

215. As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

216. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT XVIII-**
**EIGHTEENTH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

217. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

218. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

219. Defendant DAVID ARMSTRONG falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

220. Defendant DAVID ARMSTRONG engaged in the process of providing a judge with an affidavit for arrest warrant in order to get the warrant for Plaintiff's arrest signed by the judge.

221. Defendant DAVID ARMSTRONG intentionally fabricated evidence by stating that Defendants received a voluntary statement from an eyewitness that was in possession of corroborating evidence.

222. Defendant DAVID ARMSTRONG were aware that their conduct was an improper and illegal means in attaining the warrant.

223. Defendant DAVID ARMSTRONG were aware that their conduct was not warranted or authorized by the legal process of attaining a warrant.

224. As a result of aforesaid conduct by Defendant DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

225. As a result of the foregoing, Plaintiff's liberty was restricted for an extended

period of time; he was put in fear of his safety, and was humiliated.

## COUNT XIX-
## NINTEENTH CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY: <u>ABUSE OF PROCESS UNDER TEXAS COMMON LAW</u>

226. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

227. On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

228. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as  law enforcement agencies.

229. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

230. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY engaged in the process of providing a judge with an affidavit for arrest warrant in order to get the warrant for Plaintiff's arrest signed by the judge.

231. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY intentionally fabricated evidence by stating that Defendants received a voluntary statement from an eyewitness that was in possession of corroborating evidence. Defendant's knew or should have know that the information provided was unreliable and inaccurate.

232. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY were aware that their conduct was an improper and illegal means in attaining the warrant.

233. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY were aware that their conduct was not warranted or authorized by the legal process of attaining a warrant.

234. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY had an ulterior motive to satisfy the public's frustration and lack of patience with their department not

finding and arresting the mass shooter in a expeditious manner.

235. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY showed no interest in the immense amount of evidence that was provided to them that Plaintiff was innocent shortly after his arrest.

236. Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY even went as far to falsely and repeatedly state to multiple media outlets that they were certain that Plaintiff was guilty of the Capital Murder charge.

237. As a result of aforesaid conduct by Defendants HUNT COUNTY SHERIFF'S DEPARTMENT, RANDY MEEKS, and TEXAS DEPARTMENT OF PUBLIC SAFETY, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

238. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

## COUNT XX-
## TWENTIETH CAUSE OF ACTION AGAINST DAVID ARMSTRONG: ABUSE OF PROCESS UNDER TEXAS COMMON LAW

239. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

240. On October 28, 2019, Defendant DAVID ARMSTRONG, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant TEXAS DEPARTMENT OF PUBLIC SAFETY.

241. Defendant DAVID ARMSTRONG falsely accused Plaintiff of the crime of Texas Penal Code §§ 19.03 Capital Murder.

242. Defendant DAVID ARMSTRONG engaged in the process of providing a judge with an affidavit for arrest warrant in order to get the warrant for Plaintiff's arrest signed by the judge.

243. Defendant DAVID ARMSTRONG intentionally fabricated evidence by stating that Defendants received a voluntary statement from an eyewitness that was in possession of corroborating evidence.

244. Defendant DAVID ARMSTRONG were aware that their conduct was an

improper and illegal means in attaining the warrant.

245. Defendant DAVID ARMSTRONG were aware that their conduct was not warranted or authorized by the legal process of attaining a warrant.

246. As a result of aforesaid conduct by Defendant DAVID ARMSTRONG, Plaintiff was subject to an illegal, improper and false arrest by the aforementioned Defendants; who willfully detained Plaintiff, causing Plaintiff to be falsely imprisoned, without Plaintiff's consent and without any probable cause or authority of law.

247. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time; he was put in fear of his safety, and was humiliated.

**COUNT XXI-**
**TWENTY-FIRST CAUSE OF ACTION AGAINST HUNT COUNTY SHERIFFS DEPARTMENT; RANDY MEEKS; TEXAS DEPARTMENT OF PUBLIC SAFETY:INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW**

248. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

249. On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as a law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

250. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as  law enforcement agencies.

251. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

252. On October 28, 2019 Defendants RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT, and TEXAS DEPARTMENT OF PUBLIC SAFETY acted recklessly in falsely accused Plaintiff, Brandon Gonzales of heinous mass Capital murder.

253. Subsequently, Plaintiff was arrested at his job in front of his co workers. He was held at the Hunt County jail for 9 days with a $1 million bond for a crime he did not commit.

254. Plaintiff's face was attached to this heinous crime in all national outlets. Thus,

even when he was released from jail he was recognized in public as a murderer.

255.   Plaintiff was informed by former employer that he was not eligible for rehire due to the negative publicity his case received. This caused Plaintiff great embarrassment, humiliation and mental anguish.

256.   Defendants' RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY's actions were extreme and outrageous and deprives from the norms of society. These entities primary functions are to investigate crimes fairly and accurately. It is unconscionable that these entities would rush to judgment in less than 72 hours of naming our client the prime suspect of such a heinous crime on national news without adequate or reliable information. These actions humiliated the Plaintiff and he is still suffering to this date as a result.

257.   Defendants' RANDY MEEKS, HUNT COUNTY SHERIFF'S DEPARTMENT, AND TEXAS DEPARTMENT OF PUBLIC SAFETY was the direct and proximate cause to the Plaintiff's mental suffering and anguish.

258.   Plaintiff has suffered severe emotional and mental distress as a result of this reckless behavior by the defendant.

### COUNT XXII-
### TWENTY-SECOND CAUSE OF ACTION AGAINST DAVID ARMSTRONG: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW

259.  Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

260. On October 28, 2019, Defendant RANDY MEEKS, acted under the color of law as law enforcement officer, of and with the authority of, the Defendant HUNT COUNTY SHERIFF'S DEPARTMENT.

261. On October 28, 2019, Defendants HUNT COUNTY SHERIFF'S DEPARTMENT and TEXAS DEPARTMENT OF PUBLIC SAFETY acted under color of law as law enforcement agencies.

262. On October 28, 2019, Defendant David Armstong acted   under color of law as law enforcement agencies.

263.  On October 28, 2019 Defendant DAVID ARMSTRON acted recklessly in falsely accused Plaintiff, Brandon Gonzales of heinous mass Capital murder.

264.  Subsequently, Plaintiff was arrested at his job in front of his co-workers. He

was held at the Hunt County jail for 9 days with a $1 million bond for a crime he did not commit.

265. Plaintiff's face was attached to this heinous crime in all national outlets. Thus, even when he was released from jail he was recognized in public as a murderer.

266. Plaintiff was informed by former employer that he was not eligible for rehire due to the negative publicity his case received. This caused Plaintiff great embarrassment, humiliation and mental anguish.

267. Defendant actions were extreme and outrageous and deprives from the norms of society.  These entities primary functions are to investigate crimes fairly and accurately. David Armstrong told Plaintiff he would receive the needle. It is unconscionable that Defendant would rush to judgment in less than 72 hours of naming our client the prime suspect of such a heinous crime on national news without adequate or reliable information. Defendant's actions humiliated the Plaintiff and he is still suffering to this date as a result.

268. Defendant DAVID ARMSTRONG was the direct and proximate cause to the Plaintiff's mental suffering and anguish.

269. Plaintiff has suffered severe emotional and mental distress as a result of this reckless behavior by the defendant.

## COUNT XXIII-
## TWENTY-THIRD CAUSE OF ACTION AGAINST JANE DOE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS COMMON LAW

270. Plaintiff hereby re-alleges and incorporates the facts common to all causes of action recited in Paragraphs # 4-45 as if restated here.

271. On October 28, 2019 Defendant Jane Doe acted recklessly in falsely accused Plaintiff, Brandon Gonzales of heinous mass Capital murder.

272. Jane Doe gave a false report and written statement of what happened at the shooting and falsely identified Brandon as the shooter. Jane Doe's actions were both intentional and reckless.

273. Subsequently, Plaintiff was arrested at his job in front of his co workers. He was held at the Hunt County jail for 9 days with a $1 million bond for a crime he did not commit.

274. Plaintiff's face was attached to this heinous crime in all national outlets. Thus, even when he was released from jail he was recognized in public as a murderer.

275. Plaintiff was informed by former employer that he was not eligible for rehire due to the negative publicity his case received. This caused Plaintiff great embarrassment, humiliation and mental anguish.

276. Defendant actions were extreme and outrageous and deprives from the norms of society. It is unconscionable that Defendant would give inaccurate and unreliable information to law enforcement that named Plaintiff Brandon Gonzales as the shooter of this crime. Defendant's actions humiliated the Plaintiff and he is still suffering to this date as a result.

277. Defendant DAVID ARMSTRONG was the direct and proximate cause to the Plaintiff's mental suffering and anguish.

278. Plaintiff has suffered severe emotional and mental distress as a result of this reckless behavior by the defendant.

WHEREFORE, Plaintiff, Brandon Gonzales, demands judgment against Defendants, Hunt County Sheriff's Office, Randy Meeks, Texas Department of Public Safety, David Armstrong and Jane Doe, in an amount in excess of **$3,150,000.00** with interest and costs, plus reasonable counsel fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Dated: October 27, 2020

Respectfully submitted,

**WILKERSON & CAMPBELL, PLLC**

ANDREW W. WILKERSON
State Bar No. 24089068

MICHAEL CAMPBELL JR.
State Bar No. 24073993
2201 Main Street, Suite 206
Dallas, Texas 75201
(844) 849-9789 - Office
(469) 534-9806 - Cell
(682) 230-2842 - Cell
(469) 399-6852 – Facsimile
wilkersonandcampbell@gmail.com
**ATTORNEYS FOR PLAINTIFF**