# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3279-K |
| | § | |
| HUNT COUNTY SHERIFF'S | § | |
| DEPARTMENT, RANDY MEEKS, | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY, DAVID ARMSTRONG, and | § | |
| JANE DOE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Department of Public Safety's Motion to Dismiss ("Motion") (Doc. No. 22). Plaintiff did not file a response. The Court has considered the Motion and the applicable law. Because Defendant Texas Department of Public Safety is immune from suit brought against it in federal court, the Court **GRANTS** the Motion to Dismiss.

The Court recently issued a Memorandum Opinion and Order addressing the motions to dismiss filed by co-Defendants Hunt County Sheriff's Department, Randy Meeks, and David Armstrong. *See* Mem. Op. & Order (Doc. No. 23). In that Memorandum Opinion and Order, the Court recited the factual background of this

case. *See id.* at 2-4.  The Court does not find it necessary to re-state that background for purposes of this Memorandum Opinion and Order.

## I.     Legal Standards

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible."  *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable."  *Id.*; *see Twombly*, 550 U.S. at 570 (facts as alleged must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible.").  The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant.  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).  The Court "do[es] not accept as true conclusory allegations, unwarranted

factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## II.    Defendant Texas Department of Public Safety Entitled to Immunity

In its Motion, Defendant Texas Department of Public Safety ("DPS") argues that all claims against it must be dismissed.  Specifically, DPS contends that suit against it in federal court is barred by the Eleventh Amendment and this immunity has not been waived.  Plaintiff did not respond to this Motion.  Plaintiff asserted both federal and state claims against DPS— false arrest under § 1983 ("Count I") and under Texas common law ("Count III"), false imprisonment under § 1983 ("Count V") and under Texas common law ("Count VIII"), malicious prosecution under § 1983 ("Count XI") and under Texas common law ("Count XIV"), abuse of process under § 1983 ("Count XVII") and under Texas common law ("Count XIX"), and intentional infliction of emotional distress under Texas common law ("Count XXI").

"The Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens . . . . Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court."  *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *accord Corn v. Miss. Dept. of Public Safety*, 954 F.3d 268, 274 (5th Cir. 2020). It is well-established that DPS "is an arm of the State of Texas" that is entitled to

Eleventh Amendment immunity. *Ingram v. Tex. Dept. of Public Safety*, Civ. Action No. 3:01-CV-1944-K, 2003 WL 292165, *2 (N.D. Tex. Feb. 6, 2003)(Kinkeade, J.); *accord Richards v. Cannon*, Civ. Action No. 5:14-CV-111-JRG-CMC, 2016 WL 11474080, *5 (E.D. Tex. Jan. 25, 2016) (internal quotation omitted) ("[A]n action against the Texas DPS is in effect an action against the State of Texas, and the DPS is entitled to same sovereign immunity as the real party in interest, the State of Texas."). While Eleventh Amendment immunity is not absolute, *Richards*, 2016 WL 11474080, at *4, none of those exceptions apply in this case. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984) (State of Texas has not consented to suit in federal court); *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979) (§ 1983 does not override the States' Eleventh Amendment immunity); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (claims for monetary relief against Texas DPS do not fall within *Ex parte Young* exception which permits suit seeking injunctive or declaratory relief against individual person in his official capacity as agent of state).

Furthermore, "[a] state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Sherwinski*, 98 F.3d at 851-52 (citing *Welch v. Dep't of Highways and Public Transportation*, 483 U.S. 468, 473-74 (1987)); *see also id.* ("A state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* is may be sued."). Therefore,

the Texas Tort Claims Act does not waive immunity from suit in federal court. *See id.*; *Belmonte v. MedStar Mobile Healthcare*, Civ. Action No. 3:19-CV-1867-N, 2020 WL 5291942, *2 (N.D. Tex. Sept. 4, 2020)(Godbey, J.); *see also* TEX. CIV. PRAC. & REM. CODE § 101.102(a) (emphasis added) ("A suit under this chapter *shall* be brought in *state court* in the county in which the cause of action arose or a part of the cause of action arises.").

The Court does not have jurisdiction over DPS. Both the State of Texas and its entity, Defendant DPS, are entitled to Eleventh Amendment immunity from this suit brought by Plaintiff in federal court and this immunity has not been waived. Therefore, the Court **grants** DPS's Motion to Dismiss as to all claims asserted by Plaintiff against DPS.

### IV.    Conclusion

The Court **GRANTS** Defendant Texas Department of Public Safety's Motion to Dismiss. Plaintiff's claims against Defendant Texas Department of Public Safety are **dismissed without prejudice**.

**SO ORDERED.**

Signed June 23rd, 2021.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE