## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3279-K |
| | § | |
| HUNT COUNTY SHERIFF'S | § | |
| DEPARTMENT, RANDY MEEKS, | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY, DAVID ARMSTRONG, and | § | |
| JANE DOE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Armstrong's Motion for Summary Judgment (Doc. No. 47). Plaintiff Brandon Gonzales filed his Response (Doc. No. 53) and Defendant Armstrong filed his reply (mistakenly titled "Defendant Armstrong's Motion for Summary Judgment") (the "Reply") (Doc. No. 54). The Court has carefully considered the Motion, the Response, the Reply, the supporting exhibits, the applicable law, and any relevant portions of the record. Because Plaintiff did not satisfy his burden to overcome the qualified immunity defense asserted by Defendant David Armstrong, the Court **GRANTS** Defendant David Armstrong's Motion for Summary Judgment and hereby **dismisses** this case.

ORDER – PAGE 1

I.     **Factual Background**

In October of 2019, Plaintiff Brandon Gonzales ("Plaintiff") attended a Homecoming party at the Party Venue in Greenville, Texas.  Pl.'s Ex. 1 (Doc. No. 53-1).  While inside the Party Venue, Plaintiff became "overheated" and went to sit in his car.  *Id.*  Plaintiff "face timed" a friend while in his car when he heard shots and saw people running from the Party Venue.  *Id.*  Plaintiff and his friends immediately left together.  *Id.*  A shooting had occurred inside the Party Venue which resulted in the death of two people.  Def.'s Ex. 2 (Doc. No. 47-2) at 2.

The Texas Rangers assisted Hunt County Sheriff's Department with the investigation of the double homicide.  *Id.*; *see generally* Def.'s Ex. 1 (Doc. No. 47-1). The Monday following the shooting, Plaintiff was at his job when he was arrested for capital murder.  Pl.'s Ex. 1.  Plaintiff was taken to "the police station and questioned by several different officers and Texas Rangers."  *Id.*  Plaintiff denied he was the shooter and declared his innocence during questioning.  *Id.*  While Plaintiff was being transported to jail, Defendant David Armstrong ("Defendant Armstrong"), a Texas Ranger, said he did not believe Plaintiff's story, he would ensure Plaintiff "receive[d] the needle", and that "capitol [sic] murder carries the death penalty."  *Id.*  Plaintiff "will never forget" this encounter, which "haunts" him and gives him nightmares, and causes him to be afraid if he encounters any law enforcement officer.  *Id.*

ORDER – PAGE 2

The charges against Plaintiff were ultimately dismissed and he was released from jail nine days after his arrest.  Resp. at 2; *see also* Compl. (Doc. No. 1) at 6, ¶¶ 26, 27. Plaintiff filed suit in this Court against Defendants Hunt County Sheriff's Department, Randy Meeks, Texas Department of Public Safety, David Armstrong, and Jane Doe, alleging the same federal and state claims against each Defendant:  false arrest under 28 U.S.C. § 1983 and Texas common law; false imprisonment under § 1983 and Texas common law; malicious prosecution under § 1983 and Texas common law; abuse of process under § 1983 and Texas common law; and intentional infliction of emotional distress under Texas common law.  In prior orders, the Court dismissed all state and federal claims against Defendants Hunt County Sheriff's Department, Randy Meeks, Texas Department of Public Safety, and Jane Doe.  *See* Mem. Ops. (Doc. Nos. 23 & 24) & Order (Doc. No. 41).  The Court also previously granted Defendant Armstrong's Partial Motion to Dismiss all state claims and the majority of the federal claims against him.  *See* Mem. Op. (Doc. No. 23).   However, Defendant Armstrong did not move for dismissal of Plaintiff's federal claims under § 1983 for false arrest and false imprisonment, which are the sole remaining claims against him.  Defendant Armstrong now moves for summary judgment on these two federal claims.

ORDER – PAGE 3

II.    **Applicable Law**

A.    **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute of a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[T]he substantive law will identify which facts are material." *Id.*  All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.*, Inc.., 402 F.3d 536, 540 (5th Cir. 2005).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may obtain summary judgment by (1) submitting evidence that negates the existence of one or more essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence

to support one or more essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 323-25. Once the movant satisfies his burden, the nonmovant may not rest on the pleadings, but must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Celotex*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322. The court views the evidence in the light most favorable to the nonmoving party, but the nonmovant must still "come forward with specific facts indicating a genuine issue for trial." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (citing *Celotex*, 477 U.S at 324).

### B.    Qualified Immunity

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"

*Mullenix v. Luna*, 577 U.S. 7, 12 (2017) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

"A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017). To defeat the defendant's claim of qualified immunity, the plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). "To avoid summary judgment on qualified immunity, 'the plaintiff need not present absolute proof, but must offer more than mere allegations.'" *Melton*, 875 F.3d at 261 (quoting *King v. Handorf*, 821 F.3d 650, 654 (5th Cir. 2016)). The Court construes all facts and inferences in the light most favorable to the nonmovant. *Melton*, 875 F.3d at 261.

## C.    False Arrest and False Imprisonment

To prevail on a claim for false arrest or false imprisonment under § 1983, the plaintiff must show that the defendant did not have probable cause to arrest him. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *accord Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) ("A constitutional claim for false arrest . . . requires a showing of no probable cause.") (internal quotation and citation omitted). Probable

cause is defined as "the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).

## III. Analysis

Defendant Armstrong seeks summary judgment on the claims for false arrest and false imprisonment under § 1983, the only remaining claims. Defendant Armstrong contends the false arrest and false imprisonment claims both fail as a matter of law because the summary judgment evidence shows he was not the arresting officer and because there is no evidence showing he was involved with Plaintiff post-arrest and, more specifically, post-arraignment. Even if he could be liable, Defendant Armstrong asserts he is entitled to qualified immunity on both claims and, therefore, summary judgment must be granted. Defendant Armstrong submits four exhibits in support of his Motion: (1) Report of Texas Rangers Investigation No. 2019I-TRB-50047152 ("Def.'s Ex. 1") (Doc. No. 47-1); (2) Ranger Simmons' Probable Cause Affidavit ("Def.'s Ex. 2") (Doc. No. 47-2); (3) Warrant for Plaintiff's Arrest ("Def.'s Ex. 3") (Doc. No. 47-3); and (4) Personnel records of David Armstrong, redacted ("Def.'s Ex. 4") (Doc. No. 47-4).

In his Response, Plaintiff initially requests the Court deny or decline to rule on the Motion and to allow him more time to conduct discovery.  In responding to qualified immunity, Plaintiff argues that Defendant Armstrong "is not entitled to qualified immunity per the law" because his "actions are objectively unreasonable" and "Defendant Armstrong has himself failed to show how his actions were reasonable". Resp. at 4. Plaintiff then asserts there was no probable cause when he was arrested so Defendant Armstrong is liable for false arrest and false imprisonment.  *Id.* at 5 & 7. Plaintiff argues "[t]his is evident by the lack of evidence and how quickly the investigation was done" and also "by Defendant Armstrong's refusal and inability to turn over" the identity of and evidence provided by the eyewitness.  *Id.* at 5 & 6. Plaintiff also asserts that he did not "consent" to the arrest, and that "[i]ts [sic] uncontested if [sic] Defendant Armstrong arrested the Plaintiff and took him to the Hunt County Jail where he was deprived of his liberty for nine days before his release." Resp. at 7.  In support of his Response, Plaintiff submits only his own affidavit ("Pl.'s Ex. 1") (Doc. No. 53-1).

In his Reply, Defendant Armstrong objects to Plaintiff's affidavit as "self-serving" and insufficient to create a fact question, and requests the Court disregard it as summary judgment evidence.  Defendant Armstrong then argues that Plaintiff has

ORDER – PAGE 8

no evidence to establish either of his claims and that Plaintiff fails to defeat Defendant Armstrong's entitlement to qualified immunity.

### A.    Request for Additional Time to Conduct Discovery

The Court first addresses Plaintiff's request that the Court deny or defer ruling on Defendant Armstrong's Motion and allow him additional time to conduct discovery. Federal Rule of Civil Procedure 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).  This rule is intended to protect parties from premature summary judgment motions.  *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022).  In seeking such relief, the nonmovant "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.'"  *Id.* (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).  The nonmovant "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"  *Id.* (quoting

*Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). The district court has discretion in deciding whether to grant this relief. *See id.*

Plaintiff did not file an affidavit or declaration as required by Rule 56(d) in seeking this relief. In his Response, Plaintiff states,

> Furthermore, on February 18, 2022, Defendant Armstrong submitted his Second Supplemental Disclosure that stated that his disclosure was not complete and as soon as any other information required to be disclosed is discovered, the Defendant will forward immediately. Therefore, per Federal Rules of Civil Procedure 56(d), the Court is allowed to [sic] defer considering the Motion or deny it; 2.) allow time to obtain affidavits or declarations or to take discovery or 3.) issue any appropriate order. Plaintiff requests the Court to follow rules [sic] 56(d) to ensure that Defendant has provided all evidence.

Resp. at 3. Plaintiff concludes his Response asking the Court to deny the Motion or "defer[] considering the Motion and allow more time to take discovery to ensure that Plaintiffs [sic] have all evidence to further show proof that their [sic] is valid under the law." *Id.* at 7.

Plaintiff does not satisfy his burden in seeking relief under Rule 56(d). Plaintiff fails to meet the threshold requirement of Rule 56(d) that he "shows *by affidavit or declaration* that, *for specified reasons*" he cannot present facts essential to his opposition of the Motion. FED. R. CIV. P. 56(d) (emphasis added). Additionally, Plaintiff's vague assertions of additional discovery that Defendant Armstrong may disclose are wholly

insufficient.  *See MDK*, 25 F.4th at 366.  For those reasons alone, the Court **denies** Plaintiff's requested relief.

Even if the Court were to look past those glaring deficiencies, the Court would nevertheless deny relief under Rule 56(d) for other reasons.  The Fifth Circuit recently emphasized that "[a] party who fails to pursue discovery with diligence is not entitled to Rule 56(d) relief[.]" *Lillie v. Off. of Fin. Insts. of State of La.*, 997 F.3d 577, 586 (5th Cir. 2021) (collecting cases).  Although this case has been pending almost 2 years and the Court's Scheduling Order entered almost 1 year ago, it appears Plaintiff has not pursued discovery until this Motion was filed.  *See* Def.'s Resp. (Doc. No. 51) (in his opposition to Plaintiff's amended motion to extend discovery, Defendant Armstrong states Plaintiff never complied with Rule 26(a) and did not take any "discovery-related action" until February 25, 2022, 1 business day before the close of discovery and 1 day after the summary judgment motion was filed, when Plaintiff, for the first time, requested a date to depose Defendant Armstrong and an extension of the discovery deadline); *see also* Ct. Order (Doc. No. 33) (regarding unidentified defendant "Jane Doe"); Pl.'s Resp. to Ct. Order (Doc. No. 35); Ct. Order (Doc. No. 41) (dismissing Jane Doe for Plaintiff's failure to diligently identify and timely serve her with process). On February 28, 2022, the discovery deadline, Plaintiff moved the Court to extend the discovery deadline, which Defendant Armstrong opposed.  *See* Pl.'s Mot. (Doc. No.

48); Pl.'s Am. Mot. (Doc. No. 50); Def.'s Resp. (Doc. No. 51).  The Court denied Plaintiff's requested relief for failing to demonstrate good cause to extend discovery. *See* Or. (Doc. No. 49) (denying Plaintiff's original motion because he failed to provide any explanation, let alone good cause, for extension); Or. (Doc. No. 52) (denying Plaintiff's amended motion with detailed analysis as to why Plaintiff's reasons failed to demonstrate good cause).  Even though he infers Defendant Armstrong was not disclosing evidence, Plaintiff never sought the Court's intervention with any discovery-related issues. *See, e.g.,* Pl.'s Am. Mot. at 1; *cf. Lillie*, 997 F.3d at 587 (even if a party is "stonewalling" discovery efforts, "the Federal Rules of Civil Procedure place the onus on the discovery-seeker to invoke the judicial process.").  On this record, the Court finds that Plaintiff failed to diligently pursue discovery.

Finally, Rule 56(d) is intended to protect parties from premature summary judgment motions. *MDK*, 25 F.4th at 366.  Defendant Armstrong filed this Motion for Summary Judgment on February 24, 2022, approximately one month before the dispositive motion deadline of March 30, 2022.  Scheduling Order (Doc. No. 38).  This Motion certainly cannot be considered premature thereby necessitating this relief.

Plaintiff is not entitled to relief under Rule 56(d) and the Court **denies** Plaintiff's request to deny or decline ruling on Defendant Armstrong's Motion and to allow more time for discovery. *See Lillie*, 997 F.3d at 586.

### B.      Objection to Plaintiff's Affidavit

Another preliminary matter for the Court's determination is Defendant Armstrong's request to disregard Plaintiff's affidavit submitted in support of his Response.  Assuming without deciding the affidavit is competent summary judgment evidence, the Court **denies** Defendant Armstrong's request to disregard Plaintiff's affidavit, his sole summary judgment evidence.  *Cf. Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-61 (5th Cir. 2021) ("'[S]elf-serving affidavits and depositions may create fact issue even if not supported by the rest of the record. Where self-interested affidavits are otherwise competent evidence, they may not be discounted just because they happen to be self-interested.  Indeed, 'evidence proffered by one side to . . . defeat a motion for summary judgment will inevitably appear self-serving.'  But self-serving evidence may not be discounted on that basis alone.").  The Court notes that consideration of Plaintiff's affidavit does not change the Court's ruling on this Motion.

### C.      Federal Claims and Qualified Immunity

Because Defendant Armstrong asserts his entitlement to qualified immunity on these remaining federal claims, Plaintiff must show the inapplicability of the qualified immunity defense.  *Mayfield*, 976 F.3d at 486; *McLin*, 866 F.3d at 689; *Melton*, 875 F.3d at 261.  To satisfy his burden, Plaintiff must demonstrate "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established

at the time of the challenged conduct." *McLin*, 866 F.3d at 689.  Further, while he is not required to offer absolute proof, Plaintiff must submit more than mere allegations. *Melton*, 875 F.3d at 261.  The Court construes all facts and inferences in the light most favorable to Plaintiff as the nonmovant.  *Melton*, 875 F.3d at 261.

### 1.    Violation of Plaintiff's Constitutional Right?

To prevail on his claims for false arrest and false imprisonment under § 1983, Plaintiff must show that Defendant Armstrong did not have probable cause to arrest and detain him.  *Haggerty*, 391 F.3d at 655; *see Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988).  To overcome Defendant Armstrong's entitlement to qualified immunity, Plaintiff must show that Defendant Armstrong himself "actually engaged in conduct that violated [Plaintiff's] clearly established right." *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). The Court ultimately concludes that Plaintiff fails to show Defendant Armstrong violated Plaintiff's statutory or constitutional rights, so Defendant Armstrong is entitled to qualified immunity.  *See Melton*, 876 F.3d at 261.

Plaintiff maintains Defendant Armstrong arrested him without probable cause and took him to Hunt County Jail where he was detained.  In arguing probable cause did not exist, Plaintiff generally attacks the investigation and the speed at which it was conducted as well as the still unidentified eyewitness and the evidence they provided. Resp. at 5.  Plaintiff's only specific challenge to the lack of probable cause and

Defendant Armstrong is that he has refused and is unable "to turn over" the identity of the eyewitness and the evidence provided by them.  Resp. at 6.

At the outset, the Court finds that Plaintiff fails to establish Defendant Armstrong can be liable for a false arrest claim under § 1983.  *See Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005) ("As a prerequisite [for a § 1983 claim], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.");  *cf. Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) (emphasizing that the plaintiffs must ultimately prove the defendants "fall[] within the scope of liability" for the false arrest claim).  Plaintiff makes only conclusory assertions that Defendant Armstrong arrested him or participated in his arrest.  *See* Resp. at 2, 4, & 6.  But Plaintiff fails to adduce any evidence, including by his own affidavit, that Defendant Armstrong was the arresting officer, was present during his arrest, or submitted any affidavit for probable cause.  *See* Pl.'s Ex. 1 ("I was arrested Monday morning at my job" and "was taken to the police station and questioned by several different officers and Texas Rangers.").  Defendant Armstrong, however, presents summary judgment evidence demonstrating he was not the arresting officer.  *Compare* Def.'s Ex. 3 (warrant for Plaintiff's arrest with the arresting officer's signature and peace officer identification number) *with* Def.'s Ex. 4 (Defendant Armstrong's personnel

ORDER – PAGE 15

records containing his signature and peace officer identification number, neither of which match that of the arresting officer). Defendant Armstrong also submits evidence showing he was not the officer who executed the probable cause affidavit. Def.'s Ex. 2 at 2-4 (Texas Ranger Laura Simmons is affiant officer). Plaintiff fails to show Defendant Armstrong could have violated Plaintiff's statutory or constitutional rights with respect to false arrest and, therefore, Defendant Armstrong is entitled to qualified immunity. *See Porter v. Lear*, 751 F. App'x 422, 431 (5th Cir. 2018) (affirming defendant officers Beard and Barber were entitled to qualified immunity on false arrest claim because plaintiff presented no summary judgment evidence showing those officers participated in plaintiff's arrest or provided affidavits in support of plaintiff's arrest warrant so they could not have violated plaintiff's statutory or constitutional right).

Regardless, Defendant Armstrong is entitled to qualified immunity on both the false arrest and false imprisonment claims for other reasons. Plaintiff was arrested pursuant to an arrest warrant signed by a state district court judge. *See* Def.'s Ex. 3 (Doc. No. 47-3) at 2. "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Wilson*, 33 F.4th at 208 (quoting *McLin*, 866 F.3d at 689); *accord*

ORDER – PAGE 16

*Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020). "Thus, a properly secured arrest warrant . . . will shield a defendant who has committed or initiated a false arrest." *Wilson*, 33 F.4th at 208 (quoting *Buehler v. City of Austin*, 824 F.3d 548, 554 (5th Cir. 2016)). Under this doctrine, even an officer who acted with malice is shielded from liability for false arrest. *Buehler*, 824 F.3d at 554. Moreover, the "independent intermediary doctrine" applies even if plaintiff was never convicted. *Wilson*, 33 F.4th at 208 (citing *Buehler*, 824 F.3d at 555); *accord Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019). Plaintiff does not dispute that he was arrested pursuant to an arrest warrant issued by a state district judge upon finding probable cause existed. But that does not necessarily end the Court's inquiry because the independent intermediary doctrine is not absolute. *Anokwuru v. City of Houston*, 990 F.3d 956, 963-64 (5th Cir. 2021). The defendant may nevertheless be liable if the plaintiff shows the defendant's actions tainted the independent intermediary's deliberations. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *accord Wilson*, 33 F.4th at 208.

However, Plaintiff fails to show any action by Defendant Armstrong tainted the state district judge's decision. *See Cuadra*, 626 F.3d at 813 (decision of intermediary must have been tainted in some way by the defendant's action). Therefore, Defendant Armstrong would be insulated from these claims. *See Anokwuru*, 990 F.3d at 963. The Fifth Circuit has recognized certain "functional exceptions to the independent

intermediary doctrine." *Wilson*, 33 F.4th at 208.  Citing United States Supreme Court precedent, the Fifth Circuit described the following two ways of overcoming the independent intermediary doctrine:

> (1) the affiant officer or the officer actually preparing, or fully responsible for preparing, the warrant application who fail to accurately present evidence supporting the requisite probable cause for a warrant to issue, *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986); and (2) "officers who 'deliberately or recklessly provide false, material information for use in an affidavit' or who 'make knowing and intentional omissions that result in a warrant being issued without probable cause''', *Franks v. Delaware*, 438 U.S. 154. 171 (1978).

*Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020) (quoting *Melton*, 875 F.3d at 264).  Even if this Court generously construes Plaintiff's allegations and arguments to make a claim under *Malley* or *Franks*, the Fifth Circuit has repeatedly recognized that liability under these theories should reach only the officer who actually prepared, signed, presented, or provided information for use in the warrant application.  *Melton*, 875 F.3d at 263-66.

Plaintiff wholly fails to demonstrate or raise a genuine fact issue that Defendant Armstrong prepared, presented, signed, or provided information for use in the arrest warrant application or the probable cause affidavit supporting it.  Plaintiff does assert that Defendant Armstrong "was a vital piece to the Texas Rangers investigation." Resp. at 2.  However, even taking this inference in Plaintiff's favor, Defendant Armstrong's

involvement in the investigation alone does not establish an exception to the independent intermediary doctrine thereby defeating his entitlement to qualified immunity. *See Michalik*, 422 F.3d at 261 (even though there was fact issue regarding the defendant officers' roles in the investigation and the information they provided to the affiant officer, the defendant officers were still entitled to qualified immunity because plaintiff provided no evidence suggesting defendant officers "prepared or presented the warrant or were fully responsible for its preparation or presentation.").

On the other hand, Defendant Armstrong presents summary judgment evidence establishing that he did not prepare, present, sign, or provide information for use in the arrest warrant application or the probable cause affidavit supporting it.  Texas Ranger Laura Simmons submitted a probable cause affidavit in support of the arrest warrant application, and this affidavit was based on facts and evidence known to her through the investigation, including information provided by Texas Ranger Bruce Sherman.  Def.'s Ex. 2 at 2-4.  (Plaintiff did name either Texas Ranger Laura Simmons or Texas Ranger Bruce Sherman as defendants in this case.)  Plaintiff offers no summary evidence showing, or even creating a fact question, that Defendant Armstrong prepared, presented, signed, or provided information for use in the warrant application. *See Melton*, 875 F.3d at 264 (quoting *Michalik*, 422 F.3d at 261) ("[L]iability should attach only to the 'affiant and person who actually prepared, or was fully responsible

ORDER – PAGE 19

for the preparation of, the warrant application.'"). Accordingly, Defendant Armstrong is entitled to qualified immunity on these remaining claims. *Melton*, 875 F.3d at 264 ("[A]n officer enjoys qualified immunity if he does not prepare, present, or sign a warrant application.").

Assuming Plaintiff's version of any disputed facts and construing all facts and inferences in the light most favorable to him, Plaintiff does not demonstrate that Defendant Armstrong falls within the scope of liability for the federal false arrest and false imprisonment claims and, thus, does not show violated Plaintiff's statutory or constitutional rights. *See Anokwuru*, 990 F.3d at 963; *Porter*, 751 F. App'x at 431. Even so, Plaintiff also fails to show that the independent intermediary doctrine does not insulate Defendant Armstrong from liability for these claims. In the end, Plaintiff fails to satisfy his summary judgment burden to show Defendant Armstrong is not entitled to qualified immunity. *See Melton*, 875 F.3d at 261 (burden lies with plaintiff on summary judgment to "offer more than mere allegations" to show defendant is not entitled to qualified immunity defense). Accordingly, Defendant Armstrong is entitled to qualified immunity on Plaintiff's false arrest and false imprisonment claims under § 1983 and the Court must **grant** summary judgment in favor of Defendant Armstrong.

Because Plaintiff fails to show Defendant Armstrong violated his statutory or constitutional right, the Court need not address the second prong.

ORDER – PAGE 20

## IV.    Conclusion

The Court **denies** Plaintiff Brandon Gonzales's request under Rule 56(d) to defer ruling on or deny Defendant David Armstrong's Motion for Summary Judgment and for additional time to conduct discovery.   Having found Plaintiff Brandon Gonzales failed to satisfy his summary judgment burden to overcome qualified immunity, the Court finds Defendant David Armstrong enjoys qualified immunity on the claims for false arrest and false imprisonment under § 1983 and, accordingly, **grants** his Motion for Summary Judgment.   Plaintiff's only claims are hereby **dismissed with prejudice**.

**SO ORDERED.**

Signed June 29th, 2022.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 21